Date signed June 20, 2007



PAUL MANNES
U. S. BANKRUPTCY JUDGE

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| HERMAN S. WOLK | : | Case No. 05-17596PM |
| SANDRA G. WOLK | : | Chapter 11 |
| | : | |
|      Debtors | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |

### MEMORANDUM OF DECISION

This case is back before the court, this time on the Debtors' Renewed Motion to reconvert this case to a case under Chapter 7 and the court's Order to Show Cause entered May 5, 2007, why this bankruptcy case under Chapter 11 should not be dismissed with a bar to refiling pursuant to 11 U.S.C. § 109(g)(1). The court held a hearing on June 13, 2007. The court heard argument from the attorney for the Debtors and from the office of the United States Trustee.

In considering the pending matters, the court finds everything that it stated in its Memorandum of Decision filed September 9, 2006 (Docket Entry #99) , applicable to the pending matters in all respects. The court reaffirms its earlier finding that these Debtors are not "gaming the system." They made every effort to make payments on account, long after others would have abandoned the effort. They used exempt assets to continue payments in a futile effort to keep these creditors "current." They have no fancy cars and own no real estate. After the conversion of this case to a case under Chapter 11, Debtors filed their Plan and Disclosure Statement. The Plan provided for cash payments out of exempt assets, as well as the use of proceeds from the recoveries on account of various preference actions to creditors receiving payments on account within 90 days of the filing of this bankruptcy case, originally under

Chapter 7. When the Plan was circulated for acceptance, all creditors voting on the Plan rejected it. Nevertheless, the United States Trustee urges that the case be dismissed or, if reconverted to a case under Chapter 7, that it be dismissed under 11 U.S.C. § 707(b). The result of dismissal would be that these Debtors will continue to pay the credit card creditors who will continue to charge interest on the balances due for accounts going back as far as 1994, accruing interest at the *modest* rate of 27% per annum. In several accounts, the principal amount due has been paid many times over.

Since the filing of this bankruptcy case in 2005, both Debtors have retired. As noted in the Amended Schedules I and J, their income is substantially less than at the time this case was filed. The court finds that Debtors have acted in good faith in proposing a Plan under Chapter 11, but the court cannot force this Plan down throats of the holders of credit card debts. It would benefit these creditors to keep the Wolks in debtor limbo.

Adding the failure of the bona fide attempt to confirm a Chapter 11 Plan to the totality of circumstances necessary to decision as mandated in *Green v. Staples, In re Green*, 934 F.2d 568, 572 (CA4 1991), the court now finds cause to retreat from its earlier ruling and to grant the Debtors' motion to reconvert the case to a case under Chapter 7. Its earlier ruling only called for the proposal of a bona fide plan. For reasons best known to the creditors, that Plan was rejected. It is time to end the Debtors' misery. An appropriate order will be entered.

cc:
Herman/Sandra Wolk, 1139 Gaither Road, Rockville, MD 20850
Jeffery M. Orenstein, Esq., 15245 Shady Grove Road, Suite 465, Rockville, MD 20850
United States Trustee, 6305 Ivy Lane, #600, Greenbelt MD 20770

**End of Memorandum**